IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, No. B30985, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 13-cv-01154-JPG ) |
| C/O KILPATRICK, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Widmer, an inmate in Menard Correctional Center, brought suit in *Widmer v. Kempfer*, No. 13-cv-1131-GPM (S.D.Ill. Nov. 4, 2013), for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a variety of incidents, primarily involving excessive force and harassment by prison guards. Widmer simultaneously moved for a temporary restraining order. By Order dated November 6, 2013, the Court conducted a preliminary review of the *Kempfer* complaint. The claim against Defendant C/O Kilpatrick was severed, resulting in this present action, *Widmer v. Kilpatrick*, No, 13-cv-1154-JPG. Plaintiff was given thirty days to opt out of this new action. In addition, the motion for temporary restraining order was denied.

The claim against C/O Kilpatrick pertains to an October 25, 2013, incident where Defendant Kilpatrick stood by while Plaintiff was injured by an inmate worker, and then Kilpatrick failed to get Plaintiff medical care. A bystander, such as Kilpatrick, can be liable under the Eighth Amendment if he had a realistic opportunity to intervene to prevent the harm. *See generally Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Furthermore, deliberate

indifference to a serious medical need—even the prolonging of pain—can violate the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Therefore, the complaint states a colorable constitutional claim. Plaintiff Widmer has not elected to opt out of the newly severed action; therefore, this claim shall proceed.

## Pending Motions

When the present action was severed from *Kempfer*, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3), motion for service of process at government expense (Doc. 4), and motion for injunctive relief (temporary restraining order) (Doc. 5) were all transferred to the new case.

Plaintiff's motion for a temporary restraining order (Doc.5) will be denied as *res judicata*. *See Widmer v. Kempfer*, No. 13-cv-1131-GPM (S.D.Ill. Nov. 4, 2013).

Plaintiff was granted pauper status in the original case and will also be granted pauper status in this case by separate order. Similarly, consistent with 28 U.S.C. § 1915(d), service of process will be effected on Plaintiff's behalf, so Doc. 4 is **GRANTED**.

## Disposition

For the reasons stated, the Eighth Amendment claim against Defendant **C/O KILPATRICK** shall **PROCEED**.

Plaintiff's motion for a temporary restraining order (Doc.5) is **DENIED**

Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**. The Clerk of Court shall prepare for Defendant **C/O KILPATRICK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this

Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Kilpatrick no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Kilpatrick is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

*s/ J. Phil Gilbert*
**United States District Judge**