**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL WIDMER**, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 3:13-cv-01154-JPG-PMF |
| | ) |
| **C/O KILPATRICK,** | ) |
| | ) |
|     **Defendant.** | ) |

## <u>REPORT AND RECOMMENDATION</u>

**FRAZIER, Magistrate Judge:**

    Before the Court is plaintiff Michael Widmer's motion for injunctive relief, which is evaluated as a motion for a preliminary injunction. Widmer describes himself as partially handicapped. He is challenging the conditions of his prison confinement under § 1983. In this suit, he alleges that correctional officer Jordan Kilpatrick deprived him of his Eighth Amendment right to be free from cruel and unusual punishment in October, 2013. Specifically, he alleges that on October 25, 2013, Kilpatrick stood by while plaintiff was injured by an inmate worker named Ed. Specifically, Ed slammed a food slot door on plaintiff's hand, causing injury to a finger, and Kilpatrick laughed and failed to arrange for plaintiff to receive prompt medical attention.

    The present motion suggests that inmate Ed Smith is currently tasked with the job of passing out food trays to inmates. He has continued to show hostility towards Widmer and recently conveyed threats of harm. Plaintiff seeks an order directing defendant Kilpatrick to stop allowing Ed to make threats. The motion is opposed on the grounds that the relief requested is redundant or has been provided (Doc. No. 21). A reply is on file (Doc. No. 23).

In order to establish that he is entitled to a preliminary injunction, Widmer must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The materials on file do not demonstrate that an order directing defendant Kilpatrick to stop allowing inmate worker Ed to make threats is warranted. Viewing the facts in plaintiff's favor a hearing is not needed to resolve factual disputes. The facts presented by Widmer do not demonstrate that he has a likelihood of success on the merits of his Eighth Amendment claim. No facts show that Kilpatrick had a realistic opportunity to intercept inmate Ed before he closed a feed slot door or that Kilpatrick anticipated the assault and consciously failed to take reasonable steps to prevent the harm inflicted on Widmer's fingers on October 25, 2013. Similarly, no facts demonstrate that the injury to Widmer's finger and fingernail was objectively serious or was diagnosed by a physician as needing treatment. Widmer has also failed to demonstrate that he will suffer irreparable harm if the injunction is not granted. The following circumstances support this conclusion: (1) No facts explain why inmate Ed is currently motivated to inflict harm against Widmer. Ed's conduct of uttering threats is a relatively common activity in a correctional facility; (2) Widmer's current confinement in cell #207 is behind a solid steel door, which adequately protects him from the possibility that Ed might try to inflict serious harm; (3) Ed is currently being supervised by Mr. Pelker, a member of the

correctional staff with 18 years of experience; (4) because Ed is an inmate worker assigned to the segregation unit, he has very restricted access to Widmer; (5) Widmer is able to take steps to ease hostility and tensions between himself and inmate Ed and can maintain a safe distance when Ed is working in front of cell #207; (5) no facts suggest that inmate Ed has the means to "poison" food on Widmer's meal tray.  Widmer also has an adequate remedy at law.  If Widmer feels that Pelker is not properly supervising inmate Smith, Widmer may file a grievance with prison administrators, seeking a greater degree of supervision of Smith by Pelker.  He may also seek an administrative transfer to a different facility and/or sign himself into the prison's protective custody unit.  After exhausting administrative remedies, he may file litigation against Pelker, seeking appropriate relief.  An order directing defendant Kilpatrick to provide greater supervision would not serve the public interest.  Such an order would necessarily restrict Kilpatrick from performing his job duties.  Moreover, the task of supervising inmate workers is currently being performed by Pelker, a non-party.  An order directing Kilpatrick to take over those duties would violate § 3626(a)(2).

   IT IS RECOMMENDED that the motion (Doc. No. 20) be DENIED.

   SUBMITTED:  June 19, 2014 .

               s/Philip M. Frazier
               PHILIP M. FRAZIER
               UNITED STATES MAGISTRATE JUDGE