IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-01154-SMY-PMF |
| | ) |
| **C/O KILPATRICK,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is defendant Jordan Kilpatrick's motion for summary judgment on the issue of exhaustion of administrative remedies. Plaintiff Michael Widmer is challenging the conditions of his former prison confinement under § 1983. In this suit, he alleges that Jordan Kilpatrick deprived him of his Eighth Amendment right to be free from cruel and unusual punishment in 2013. Specifically, he alleges that on October 25, 2013, Kilpatrick stood by while plaintiff was injured by an inmate worker named Ed. Ed slammed a food slot door on plaintiff's hand, causing injury to a finger. Widmer alleges that Kilpatrick laughed and failed to arrange for plaintiff to receive prompt medical attention.

Kilpatrick raised failure to exhaust administrative remedies as an affirmative defense (Doc. No. 18). In this motion, he argues that Widmer did not exhaust the steps in the grievance process prior to filing this suit on November 6, 2013, just days after the incident described above. Kilpatrick supports his position with the affidavits of Debbie Knauer and David Dwight. Their testimony demonstrates that grievances regarding Widmer's allegations against Kilpatrick could not be located when records were searched at Widmer's former facility of confinement and at the administrative review board (ARB). Widmer responds that he filed three grievances, two

of which asked for emergency attention, and received no response. While he has copies of those written grievances in his possession, he declined to submit them. Instead, he submitted an unrelated grievance dated July 2, 2014 (Doc. No. 31).

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board. 20 Ill. Admin. Code §§ 504.810, 504.850.

Grievances are intended to give prison administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. Inmates are not required to complete procedural steps that are effectively unavailable. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Widmer prepared multiple grievances in late October, 2013. Because Widmer declined to submit copies in his possession, the content of those grievances cannot be ascertained or evaluated. In these particular circumstances, there is no factual dispute requiring an evidentiary hearing. Fed. R. Civ. P. 56(c)(1). The Court is unable to conclude that the grievances Widmer prepared in late October, 2013, describe the conduct now attributed to defendant Kilpatrick. Although Widmer thought the grievances were filed, they were not received by the grievance office or the administrative review board. When Widmer did not receive a prompt response, he filed this lawsuit approximately ten days later, on November 6, 2013.

Widmer filed this lawsuit without first giving prison officials a chance to internally evaluate and address his deliberate indifference claim against Jordan Kilpatrick. Prisoners must give the grievance process a chance to work. *Worthem v. Boyle*, 404 Fed. Appx. 45, 46 (7th Cir. 2010); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004); *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002). Ten days is not enough time to allow for full completion of the grievance process. Although Widmer may have felt that he was facing a risk of imminent harm, he was still required to meet the exhaustion requirement. *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004).

The motion (Doc. No. 24) is GRANTED as follows. Plaintiff Michael Widmer's Eighth Amendment claim against defendant Jordan Kilpatrick is DISMISSED without prejudice for failure to exhaust administrative remedies. The Clerk shall close this case.

**SO ORDERED: March 16, 2015.**

                                                  s/ **Staci M. Yandle**
                                                  **Staci M. Yandle**
                                                  **District Judge**